DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200



*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ACE UNDERWRITING AGENCIES LTD., and
LEXMARK INTERNATIONAL, INC.

                      *Plaintiff,*

     - against -

DANMAR LINES LTD., DANZAS
CORPORATION d/b/a DANMAR LTD. and
d/b/a DHL GLOBAL FORWARDING, HANJIN
SHIPPING CO., LTD. and UNION PACIFIC
RAILROAD COMPANY

                      *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 CIV. 4789

08 Civ.
JUDGE HELLERSTEIN

**COMPLAINT**

       Plaintiffs, ACE Underwriting Agencies Ltd. (hereinafter "Ace'"), and Lexmark International, Inc., (hereinafter "Lexmark") by their attorneys, Maloof Browne & Eagan LLC, for their Complaint, alleges on information and belief as follows:

**I. JURISDICTION AND PARTIES**

       1.    This action arises under the Court's federal question jurisdiction (28 U.S.C. 1331 and 49 U.S.C. 11706) and/or admiralty and maritime jurisdiction under 28 U.S.C. 1333 within the meaning of FRCP 9(h), and/or supplemental jurisdiction (28 U.S.C. 1367) as hereinafter more fully appears.

1

2. Plaintiff ACE is an insurance company located in London, and is the insurer of the Shipment that is the subject of this action, as more fully described below.

3. At all times material hereto, Plaintiff Lexmark was and is a corporation organized and existing under the laws of Delaware and was the owner of the Shipment which is the subject of this action.

4. Defendant Danmar Lines Ltd. (hereinafter "Danmar") is a corporation organized and existing under the laws of a foreign country, was and is doing business as a common carrier of goods for hire, was the originating carrier of the Shipment at issue, and does business in the State of New York.

5. Defendant Danzas Corporation d/b/a Danmar Lines and d/b/a DHL Global Forwarding (hereinafter "Danzas") is a corporation organized and existing under the laws of a State of the United States, was and is doing business as a common carrier of goods for hire, was the originating carrier of the Shipment at issue, and does business in the State of New York.

6. Defendant Hanjin Shipping Company, Ltd. (hereinafter "Hanjin") is a corporation organized and existing under the laws of a foreign country, and was and now is engaged in business as a carrier of merchandise by sea, rail and by road for hire and/or owned, chartered, managed and/or controlled vessels engaged in the carriage of merchandise by sea for hire between, among others, Ports in New York and foreign countries and a issued bill of lading concerning Shipment at issue. Hanjin does business in the State of New York and is subject to the jurisdiction of the Honorable Court.

7. The Union Pacific Railroad Company (hereinafter "UP") is a corporation organized and existing under a laws of the state of the United States, and was and is doing business as a common carrier of goods by rail for hire, and does business within this District. UP was the originating and/ or delivering rail carrier of the Shipment at issue and/or owned, operated and maintained the rail line on which the Shipment at issue was damaged.

8. Venue is proper here within the meaning of 28 U.S.C. § 1391. All defendants reside within this District within the meaning of 28 U.S.C. § 1391(c). Hanjin's U.S. headquarters and DHL Global's headquarters are based in the New York Metropolitan area.

## II. SHIPMENT

9. On or about January 27, 2007 in Zhongshan, China, there shipped by Funai Electric Co., Ltd. and delivered to Danmar, Danzas and Hanjin a shipment of printers, then being in good order and condition in Containers GESU-4094168, HJCU-4963969, HJCU-762470, TTN-4026850, SENU-4296645, HJCU-7615870 ("the Shipment") and Danmar, Danzas and Hanjin then accepted the Shipment so shipped. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, said Defendants further agreed to transport and carry said Shipment to Mt. Juliet, Tennessee and there deliver the Shipment in like good order and condition to Lexmark or its designee. This shipment was described in certain bills of lading issued and numbered HJSCZHOA00328601, dated on or about January 27, 2007 and Z1S007578 dated on or about January 28, 2007.

10. The Shipment was carried aboard the M/V Cosco Shanghai from Hong Kong and discharged in Long Beach, California.

11. Following discharge in Long Beach, the Shipment was delivered to UP in good order and condition and loaded aboard a UP train. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, UP agreed to transport or carry the Shipment from Long Beach to Tennessee, and there deliver them in like good order and condition.

12. In and about February 2007 in New Mexico, the UP train derailed causing damage to the Shipment.

13. Thereafter, the Defendants made delivery of the Shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, short and seriously injured and impaired in value, all in violation of Defendants' obligations and duties as common carriers of merchandise for hire, and to perform their services in a careful, workmanlike manner, and otherwise in violation of their duties.

14. Plaintiff Lexmark owned the Shipments and has incurred and will incur losses as a result of the damage to the Shipments. Plaintiff Acer insured the Shipment, and has incurred, and will incur, losses as a result of the damage to the Shipments.

15. Plaintiff Lexmark has performed all conditions on its parts to be performed.

16. Plaintiffs bring this action on their own behalf and as agent, trustee, assignee and/or subrogee, on behalf of and for the interest of all parties interested

in and who were damaged as a result of the damage suffered by the said Shipments, as their respective interests may ultimately appear. Plaintiffs are duly entitled to maintain this action.

17. By reason of the foregoing, Plaintiffs have sustained damages for each Shipment, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding as $155,000.00:

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OTHER DUTIES UNDER APPLICABLE LAWS

18. Plaintiffs incorporate herein by reference the allegations of paragraphs 1-17 above.

19. By reason of the foregoing, Defendants were carriers and breached their duties of a carrier under, *inter alia,* 49 U.S.C. 11706 and/or other applicable laws and under the contract of carriage.

20. By reason of the foregoing, Defendants have caused damage to Plaintiffs in an amount estimated to be up to and exceeding US $155,000.

### SECOND CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT AS TO THE SHIPMENT

21. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 20 above.

22. Defendants directly or through their employees, agents or independent contractors, each willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the Shipment such as were reasonably required and would be sufficient to prevent the damage to the Shipment.

23. The Shipment suffered loss as alleged herein, as a proximate result of defendants said willful, reckless, grossly negligent and/or negligent conduct.

24. Defendants are accordingly liabile to Plaintiffs in an amount estimated to be or exceed U.S. $155,000.

## THIRD CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS

25. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 24 above.

26. Defendants at relevant times acted as carrier of goods for hire, and/or bailee of or otherwise had a duty to care for the Shipment at the time it was in their custody. Defendants thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Shipment in the same condition as when entrusted to them, and/or to perform their services or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants breached those obligations and negligently failed

to deliver to Plaintiff's designees of consignees the Shipment in as complete and good conditions as when entrusted to them.

27. By reason of the foregoing, the Defendants have caused damage as alleged herein to Plaintiffs, and are liable to Plaintiffs for such damages in an amount estimated to be or exceed U.S. $155,000.

WHEREOF, Plaintiffs pray:

1. That judgment may be entered in favor of Plaintiffs against Defendants for the amount of each Plaintiffs' damages, together with interest and costs, and the disbursements of this action;

2. That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
       May 21, 2008

MALOOF BROWNE & EAGAN LLC

By: _____
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
Attorneys for Plaintiffs