9159/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042

Attorneys for Defendant Hanjin Shipping Co. Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACE UNDERWRITING AGENCIES LTD., and LEXMARK INTERNATIONAL, INC.<br><br>                                          Plaintiff,<br>- against -<br><br>DANMAR LINES LTD., DANZAS CORPORATION d/b/a DANMAR LTD. and d/b/a DHL GLOBAL FORWARDING, HANJIN SHIPPING CO., LTD. and UNION PACIFIC RAILROAD COMPANY<br><br>                                          Defendants. | 08 Civ. 4789 (AKH)<br><br>**ANSWER AND CROSS-CLAIMS** |

Defendant Hanjin Shipping Co. Ltd. ("Hanjin"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answering plaintiff's complaint and cross-claiming against all other defendants alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Admits that Hanjin is a corporation organized and existing under the laws of a foreign country, that Hanjin was and is engaged in business as a carrier of containerized cargo by sea for hire, that Hanjin was a charterer of the vessel COSCO SHANGHAI, and that Hanjin issued a bill of lading for the transport of the sealed containers, but except as so specifically admitted, denies the allegations of paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Admits that on or about January 28, 2007 there was delivered to the vessel at Hong Kong the sealed containers listed in paragraph 9 for carriage to Mount Juliet, Tennessee via Long Beach pursuant to Hanjin bill of lading HJSCZHOA00328601 for freight paid or to be paid, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Admits that the sealed containers were carried aboard the COSCO SHANGHAI from Hong Kong to Long Beach, but except as so specifically admitted, denies the allegations of paragraph 10.

11. Admit that the sealed containers were delivered to UP and that UP agreed to transport the containers by rail from Long Beach to completion of the rail journey, but

except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

   12.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

   13.   Denies the allegations of paragraph 13.

   14.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

   15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

   16.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

   17.   Denies the allegations of paragraph 17.

   18.   Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

   19.   Denies the allegations of paragraph 19.

   20.   Denies the allegations of paragraph 20.

   21.   Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

   22.   Denies the allegations of paragraph 22.

   23.   Denies the allegations of paragraph 23.

   24.   Denies the allegations of paragraph 24.

25. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

26. Denies the allegations of paragraph 26.

27. Denies the allegations of paragraph 27.

### AS AND FOR AFFIRMATIVE DEFENSES TO ALL CLAIMS, HANJIN ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

28. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

### FIRST AFFIRMATIVE DEFENSE

29. The above shipment was subject to all the terms, conditions and exceptions contained in a certain bill of lading issued therefor for which the shipper, owner, consignee or holder of said bill of lading agreed to be bound and are bound.

### SECOND AFFIRMATIVE DEFENSE

30. Any loss and/or damage to the above shipment was due to causes for which Hanjin is not liable or responsible by virtue of the provisions the applicable Carriage of Goods by Sea Act and/or Harter Act and/or general maritime law.

### THIRD AFFIRMATIVE DEFENSE

31. Any damage to and/or loss of the above shipment was caused by or due to the acts, omissions, fault or neglect of the owners of the shipment, the shipper or receivers and its agents or the nature of the shipment, including insufficiency of packing, inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which Hanjin is neither responsible nor liable.

### FORTH AFFIRMATIVE DEFENSE

32.     Hanjin's liability, if any, is limited to $500 per package or, for goods not shipped in packages, $500 per customary freight unit.

### FIFTH AFFIRMATIVE DEFENSE

33.     This Court is an improper forum pursuant to the forum selection clause in Hanjin's bill of lading.

### AS AND FOR CROSS-CLAIMS AGAINST ALL OTHER DEFENDANTS, HANJIN SHIPPING CO. LTD. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

34.     Repeat and realleges each and every allegation set forth above with the same force and effect as if herein repeated and set forth at length.

35.     The cargo damage/loss alleged in plaintiff's complaint was caused by the acts, omissions, fault, negligence, breach of contract, and/or breach of warranty of defendants Danmar Lines Ltd., Danzas Corporation d/b/a Danmar Ltd and d/b/a DHL Global Forwarding and/or Union Pacific Railroad Company and/or their servants and/or agents.

36.     Therefore, if Hanjin is liable to plaintiff, whether by judgment or settlement, then Hanjin is entitled to indemnity and/or contribution from Danmar Lines Ltd., Danzas Corporation d/b/a Danmar Ltd and d/b/a DHL Global Forwarding and/or Union Pacific Railroad Company including recovery of the attorneys' fees and costs incurred by Hanjin in defending against plaintiff's claims.

WHEREFORE, Hanjin prays for:

(a) Judgment dismissing plaintiff's complaint;

(b) Judgment in Hanjin's favor on the cross-claims;

(c) An award of all costs including attorneys' fees; and

(d) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      June 10, 2008

                        Respectfully submitted,

                        CICHANOWICZ, CALLAN, KEANE,
                        VENGROW & TEXTOR, LLP
                        Attorneys for Defendant Hanjin Shipping Co. Ltd.

                        By: <u>s/ Randolph H. Donatelli</u>
                              Randolph H. Donatelli (RHD-5359)
                        61 Broadway, Suite 3000
                        New York, New York 10006-2802
                        (212) 344-7042

To:    Maloof Browne & Eagan LLC
        411 Theodore Fremd Avenue – Suite 190
        Rye, New York 10580
        (914) 921-1200

**CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On June 10, 2008, I served a complete copy of defendant Hanjin Shipping Co. Ltd's Answer and Cross-Claim, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:   Maloof Browne & Eagan LLC
      411 Theodore Fremd Avenue – Suite 190
      Rye, New York 10580
      (914) 921-1200

                                                    _____
                                                        Jennifer Scianna

DATED:    June 10, 2008
          New York, New York